Helen I. Zeldes (SBN 220051)
**COAST LAW GROUP, LLP**
1140 S. Coast Hwy 101
Encinitas, CA 92024
Tel: (760) 942-8505
Fax: (760) 942 -8515
helen@coastlaw.com

Tammy Gruder Hussin (SBN 155290)
**HUSSIN LAW**
1302 N. Coast Highway 101, Suite 201
Encinitas, CA 92024
Tel: (877) 677-5397
Fax: (877) 667-1547
Tammy@HussinLaw.com

Attorneys for Plaintiff Betty Gregory and the Putative Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| Betty Gregory, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>      vs.<br><br>EVINE Live, Inc., a Minnesota corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Civil Case No.:<br><br><u>**CLASS ACTION**</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227, *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff Betty Gregory ("Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of EVINE Live, Inc. ("Defendant" and/or "EVINE") in negligently, knowingly and/or willfully contacting Plaintiff and Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.,* and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA").

## JURISDICTION AND VENUE

2.     This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands of individuals is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  Further, Plaintiff alleges a national class, which will result in at least one Class Member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) and 1441(a), in that Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts within this District are sufficient to subject it to personal jurisdiction; and a substantial portion of the acts giving rise to this action occurred in this District.

4.     Plaintiff satisfies Article III standing requirements, as she has suffered a concrete injury in the form of invasions to her privacy arising out of Defendant's repeated violations of the TCPA. *Van Patten v. Vertical Fitness Group*, D.C. No.3:12-

2

1   cv-01614 (9th Cir., 2017).

2                                    **PARTIES**

3        5.      Plaintiff is, and at all times mentioned herein was, an individual citizen of

4    the State of California and a resident in this District.

5        6.      Plaintiff is, and at all times mentioned herein was, a "person" as defined by

6    47 U.S.C § 153(39).

7        7.      Defendant EVINE Live, Inc. is a Minnesota corporation, with an address of

8    6740 Shady Oak Rd., Eden Prairie, MN, 55344, and is a "person" as defined by 47 U.S.C.

9    §153(39).

10       8.      Does 1-10 are other entities which, upon information and belief, may have

11   engaged in collection activity on behalf of Defendant.  One or more of the collectors may

12   be joined as parties once their identities are disclosed through discovery.

13         **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

14              **(TCPA), 48 U.S.C. § 227, *et seq.***

15       9.      In 1991, Congress enacted the TCPA[1] in response to a growing number of

16   consumer complaints regarding certain telemarketing practices.

17       10.     The TCPA regulates, among other things, the use of automated telephone

18   equipment, or "autodialers" or "ATDS."   Specifically, the plain language of

19   §227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number

20   in the absence of an emergency or the prior express consent of the called party.[2]

21       11.     According to findings by the Federal Communications Commission

22   ("FCC"), the agency Congress vested with authority to issue regulations implementing

23   the TCPA, such calls are prohibited because, as Congress found, automated or

24   prerecorded telephone calls are a greater nuisance and invasion of privacy than live

25

26   ───────────────

27   [1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201, *et seq.*

28   [2] 47 U.S.C. § 227(b)(1)(A)(iii).

CLASS ACTION COMPLAINT

solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

12.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]

13.    The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

14.    In the same Declaratory Ruling, the FCC emphasized that both the creditors, such as EVINE, and the third-party debt collector may be held liable under the TCPA for debt collection calls. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third-party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third-party collector may also be liable for a violation of the Commission's rules.")[6]

## FACTUAL ALLEGATIONS

15.    In March of 2015, Plaintiff allegedly incurred a financial obligation (the "Debt") to Defendant.

16.    "During the transaction that resulted in the debt owed," Plaintiff did not provide express consent to receive prerecorded calls from EVINE on her cellular

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[6] *Id.*

CLASS ACTION COMPLAINT

telephone.[7]  When Plaintiff opened her account with EVINE, she provided her landline telephone number to set up her account. Inasmuch as Plaintiff did not wish to be contacted by EVINE on her cellular telephone, Plaintiff never provided her cellular number to EVINE.

17.    On or around April 29, 2015, EVINE began calling Plaintiff on her cellular telephone in an attempt to collect the Debt using a prerecorded automated voice.

18.    When Plaintiff answered the calls, EVINE used an automated voice prior to transferring Plaintiff to a live EVINE representative.

19.    With each call from EVINE, Plaintiff answered the call, listened to a prerecord message or automated voice and waited after the automated voice to speak to a representative.

20.    During the first call, Plaintiff asked the representative how EVINE obtained her cellular number, since Plaintiff did not provide her cellular number to EVINE. The EVINE representative stated that if Plaintiff did not answer her landline, EVINE would call her on her cellular telephone.

21.    Plaintiff told the representative she would pay the Debt shortly, but said she did not want to receive calls on her cellular telephone. Plaintiff directed the representative to ensure that EVINE only called her on the landline number.

22.    EVINE ignored Plaintiff's directive and continued to make automated calls to Plaintiff on her cellular telephone using a prerecorded voice.

23.    Plaintiff answered a second time in an effort to stop the calls. Plaintiff told the representative EVINE cannot call her cellular number, and reminded the representative that EVINE only has permission to contact her on her landline.

24.    In response, EVINE's representative became rude and aggressive, and told Plaintiff EVINE can continue to call her cellular telephone despite her directive.

25.    Plaintiff told the representative she incurs charges on her cellular telephone

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

CLASS ACTION COMPLAINT

and the calls from EVINE cost her money. The representative responded by telling Plaintiff she does not incur charges for incoming calls, and insisted EVINE could call her on her cellular telephone.

26.    As promised by the representative, EVINE continued to make automated calls to Plaintiff on her cellular telephone.  Plaintiff received automated telephone calls to her cellular telephone on, at a minimum, the following dates, as identified by Plaintiff's caller identification system: April 29, 2015, April 30, 2015, May 1, 2015, May 3, 2015 and May 4, 2015.

27.    Plaintiff was frustrated by the calls and logged in to her online EVINE account to confirm that her cellular number was not listed on the account. Plaintiff's cellular number is not listed anywhere on her account profile.

28.    Plaintiff called EVINE to pay the Debt so the calls would finally stop. EVINE told Plaintiff her account was locked and she could not pay because the Debt had been referred to a collection agency. EVINE provided the number for the collection agency to Plaintiff and directed her to call the collection agency and pay.

29.    Plaintiff called the collection agency and was told they could not accept payment. Plaintiff was directed to call EVINE back to pay the Debt. The representative terminated the phone call while Plaintiff was trying to speak.

30.    EVINE initiated calls to Plaintiff on her cellular telephone occurred using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

31.    EVINE's telephone dialing system has the capacity to store randomly or sequentially generated telephone numbers and randomly or sequentially dials telephone numbers.

32.    Upon answering EVINE calls on her cellular telephone, EVINE used an automated voice directing Plaintiff to hold for a representative.

33.    The telephone number that EVINE used to contact Plaintiff with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing

6

system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

34.     Plaintiff did not provide "express consent" allowing EVINE to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

35.     EVINE's telephone calls to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

36.     EVINE's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

37.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on EVINE to demonstrate that Plaintiff provided express consent within the meaning of the statute.[8]

38.     Plaintiff brings this action on behalf of herself and all other persons similarly situated (hereinafter referred to as "the Class").

39.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, from June 23, 2013 through the date of Class notice in this case, received a non-emergency telephone call from EVINE and/or its third-party debt collectors, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and where EVINE's records do not show that the person provided the number to EVINE (for example, where the number was obtained by EVINE's equipment from an inbound call).

---

[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

40.     Collectively, all these persons will be referred to as "Class Members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are EVINE and any entities in which EVINE has a controlling interest, EVINE's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

41.     Plaintiff does not know the exact number of members in the Class or the subclasses, but based upon Defendant's annual revenue, target market, and market share, Plaintiff reasonably believes that Class Members number at minimum in the thousands.

42.     Plaintiff and all members of the Class have been harmed by the acts of Defendant.

43.     This Class Action Complaint seeks injunctive relief and money damages.

44.     The joinder of all Class Members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by EVINE.

45.     There are well defined, nearly identical, questions of law and fact affecting the Class. The questions of law and fact involving the class claims predominate over questions which may affect individual Class Members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether EVINE engaged in a pattern of initiating calls to Plaintiff's and Class Members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice without consent;

b. Whether such calls were made by or on behalf of EVINE;

c. The manner in which EVINE obtained the cellular numbers belonging to Plaintiff and Class Members;

8

d.  Whether Defendant's conduct was knowing and/or willful;

e.  Whether Defendant is liable for damages, and the amount of such damages; and

f.  Whether Defendant should be enjoined from engaging in such conduct in the future.

46.    As a person who received numerous telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her consent, Plaintiff asserts claims that are typical of each Class Member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

47.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

48.    A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

49.    Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered. / / /

9

<u>**COUNT I**</u>

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, *et seq*.**

50.　　Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.　　The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

52.　　Within the last four years, EVINE called Plaintiff on her cellular telephone without her consent by using an automatic telephone dialing system and by using a prerecorded or automated voice.

53.　　Plaintiff never provided her cellular number to EVINE and made multiple requests to EVINE representatives to stop calling her cellular telephone. As such, EVINE knew it had no consent to call Plaintiff on her cellular telephone.

54.　　Despite Plaintiff's repeated requests, EVINE knowingly and willfully continued to call Plaintiff's cellular telephone number using an automated or prerecorded voice.

55.　　As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and Class Members are each entitled to treble damages of up to $1,500.00 for each and every call in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

56.　　Plaintiff and all Class Members are also entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

57.　　Plaintiff and Class Members are also entitled to an award of attorneys' fees and costs.

/ / /

/ / /

CLASS ACTION COMPLAINT

## COUNT II

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

58.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. § 227, *et seq.*

60.     As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and Class Members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

61.     Plaintiff and Class Members are also entitled to, and do seek, injunctive relief prohibiting EVINE's violation of the TCPA in the future.

62.     Plaintiff and Class Members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and Class Members the following relief against Defendant:

A.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

B.     An Order prohibiting Defendant from initiating calls to phone numbers which it obtained as a result of capturing the number from an incoming call;

C.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff seeks for herself and each Class Member treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(C);

D.     As a result of Defendant's violations of 47 U.S.C § 227(b)(1), Plaintiff seeks for herself and each Class Member $500 in statutory damages for

1   each and every call that violated the TCPA pursuant to 47 U.S.C. §

2   227(b)(3)(B);

3   E.   Reasonable attorney's fees and costs incurred by Plaintiff and the Class;

4   F.   An Order certifying this action for class treatment pursuant to Federal

5   Rule of Civil Procedure 23, establishing an appropriate class the Court

6   deems appropriate, finding that Plaintiff is a proper representative of the

7   Class, and appointing the lawyers and law firms representing Plaintiff as

8   counsel for the Class; and

9   G.   Such other and further relief as may be just and proper.

10

11   Dated: June 27, 2017                    Respectfully submitted,

12                                           COAST LAW GROUP LLP

13
                                            By: /s/ Helen I. Zeldes
14                                          Helen I. Zeldes, Esq. (SBN 220051)
                                            E-mail: helen@coastlaw.com
15

16                                          HUSSIN LAW
17                                          Tammy Hussin, Esq. (SBN 155290)
                                            E-mail: tammy@hussinlaw.com
18

19                                          Attorneys for Plaintiff
                                            Betty Gregory and the Putative Class
20

21

22

23

24

25

26

27

28

12