Eric J. Troutman (SBN 229263)
*troutman.eric@dorsey.com*
Divya S. Gupta (SBN 284282)
*gupta.divya@dorsey.com*
Scott D. Goldsmith (SBN 259499)
*goldsmith.scott@dorsey.com*
Sabrina Ly (SBN 307437)
*ly.sabrina@dorsey.com*
**DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, CA  92626-7655
Telephone:   (714) 800-1400
Facsimile:    (714) 800-1499

Attorneys for Defendant
EVINE Live Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Betty Gregory, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EVINE Live Inc., a Minnesota corporation, and , DOES 1-10, inclusive,<br><br>Defendants. | CASE NO:  **8:17-cv-01112-DOC-AGR**<br><br>Assigned to:<br>Judge David O. Carter<br>Courtroom 9D / 9th Floor<br><br>Referred to:<br>Magistrate Judge Alicia G. Rosenberg<br>Courtroom B / 8th Floor<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO DENY CLASS CERTIFICATION**<br><br>**HEARING**<br><br>Date:         December 4, 2017<br>Time:        8:30 a.m.<br>Ctrm:        9D<br><br>Trial Date:        None Set |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................ 3

III. THE COURT MUST GRANT SUMMARY JUDGMENT TO EVINE BOTH BECAUSE PLAINTIFF GAVE PRIOR EXPRESS CONSENT AND BECAUSE EVINE DID NOT CALL THE PHONE NUMBER WITHIN THE STATUTE OF LIMITATIONS PERIOD ............................. 4

    A. Plaintiff Provided Prior Express Consent to EVINE ........................... 5

        1. Legal Framework ...................................................................... 5

        2. Plaintiff Indisputably Provided Prior Express Consent ............. 7

    B. EVINE Did Not Make Any Calls to the Phone Number Within the Statute of Limitations Period Anyway ............................................ 8

IV. THE COURT SHOULD ALSO DENY CERTIFICATION AND STRIKE THE CLASS ALLEGATIONS SINCE PLAINTIFF IS NEITHER A TYPICAL NOR ADEQUATE MEMBER OF HER PLEADED CLASS ........................................................................................ 8

    A. EVINE Can Properly Seek Denial of Certification Before Plaintiff Moves for Certification .......................................................... 8

    B. The Case Cannot Proceed Absent a Plaintiff ..................................... 10

    C. Plaintiff is Not a Member of the Alleged Class and is Therefore Not Typical and Not Adequate to Represent a Class ......................... 10

    D. Unique and Crippling Defenses Render Plaintiff Inadequate to Represent a Class ............................................................................... 12

V. CONCLUSION ................................................................................................ 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 8:17-CV-01112-DOC-AGR

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aderhold v. car2go N.A., LLC,*
   668 Fed. Appx. 795 (9th Cir. 2016) .................................................................. 6, 7

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................ 5

*Armstrong v. Davis,*
   275 F.3d 849 (9th Cir. 2001) ................................................................................ 10

*Arora v. Transworld Systems, Inc.*,
   No. 15-cv-4941, 2017 U.S. Dist. LEXIS 135240 (N.D. Ill. Aug. 23, 2017) .................................................................................................................... 8

*Baird v Sabre, Inc.*
   636 Fed Appx 715 (9th Cir. 2016) (unpublished) ............................................. 6, 7

*Baird v. Sabre, Inc.*,
   646 Fed. Appx. 715 (9th Cir. 2016) ....................................................................... 6

*Baisden v Credit Adjustments, Inc.*
   813 F3d 338 (6th Cir. 2016) ................................................................................... 7

*Berger v. Home Depot USA, Inc.*,
   741 F.3d 1061 (9th Cir. 2014) .............................................................................. 11

*Betts v. Reliable Collection Agency, Ltd.*,
   659 F.2d 1000 (9th Cir.1981) ............................................................................... 11

*Blair v. CBE Grp., Inc.*,
   309 F.R.D. 621 (S.D. Cal. 2015) ............................................................................ 3

*Campbell-Ewald Co. v. Gomez*,
   136 S. Ct. 663 (2016) ........................................................................................... 10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................ 5

*East Texas Motor Freight System, Inc. v. Rodriguez*,
   431 U.S. 395 (1997) .............................................................................................. 10

-ii-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 8:17-CV-01112-DOC-AGR

*Espejo v Santander Consumer USA, Inc.*,
    Nos. 11 C 8987, 12 C 9431, 2016 US Dist Lexis 142259 (ND Ill.
    Oct. 14, 2016) .................................................................................................. 2

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    903 F.2d 176 (2d Cir. 1990), cert. denied, 111 S.Ct. 675 (1991) ....................... 12

*Gen. Tel. Co. of the Sw. v. Falcon*,
    457 U.S. 147, 102 S. Ct. 2364 (1982) ....................................................... 2, 10, 11

*Harris v. Vector Mktg. Corp.*,
    753 F. Supp. 2d 996 (N.D. Cal. 2010) ................................................................ 12

*Hoexter v. Simmons*,
    140 F.R.D. 416 (D. Ariz. 1991) .......................................................................... 12

*J.H. Cohn & Co. v. American Appraisal Assoc., Inc.*,
    628 F.2d 994 (7th Cir. 1980) .............................................................................. 12

*Jenkins v. Nat'l Grid USA*,
    No. 15-CV-1219, 2017 U.S. Dist. LEXIS 49365 (E.D. N.Y. Mar.
    31, 2017) .............................................................................................................. 8

*Jones v. TT of Longwood*,
    2007 U.S. Dist. LEXIS 57365 (M.D. FL Aug. 7, 2007) ....................................... 8

*Labou v. Cellco P'ship*,
    No. 2:13-cv-00844-MCE-EFB, 2014 U.S. Dist. LEXIS 26974 (E.D.
    Cal. Feb. 28, 2014) ............................................................................................. 10

*Lofton v. Verizon Wireless (VAW) LLC*,
    308 F.R.D. 276 (N.D. Cal. June 18, 2015) ........................................................... 8

*Mais v Gulf Coast Collection Bureau, Inc.*
    768 F3d 1110 (11th Cir. 2014) ............................................................................. 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ............................................................................................. 5

*Roberts v PayPal, Inc.*,
    No. C 12–0622 PJH, 2013 US Dist. Lexis 76319 (N.D. Cal, May
    30, 2013, *aff'd* (9th Cir 2015) 621 Fed Appx 478 (unpublished
    opinion) ............................................................................................................ 6, 7

*Rolex Employees Retirement Trust v. Mentor Graphics Corp.*,
  136 F.R.D. 658 (D. Or. 1991) .............................................................................. 12

*In the Matter of Rules and Regulations Implementing the Telephone
  Consumer Protection Act of 1991*,
  30 FCC Rcd. 7961 (2015) ...................................................................................... 6

*Ryan v. Jersey Mike's Franchise Sys.*,
  No. 13-CV-1427-BEN (WVG), 2014 U.S. Dist. LEXIS 42677
  (S.D. Cal. Mar. 27, 2014) ...................................................................................... 9

*Sanchez v. Vild*,
  891 F.2d 240 (9th Cir. 1989) .................................................................................. 5

*Saunders v NCO Fin. Sys., Inc.*
  910 F. Supp. 2d 464 (E.D. NY 2012) .................................................................... 7

*Schweitzer v Northland Group, Inc.*,
  No. 14–80494–CIV-Cohn/Seltzer, 2014 US Dist. Lexis 157030
  (S.D. Fla. Nov. 6, 2014) ......................................................................................... 7

*Selby v. LVNV Funding, LLC*,
  No. 13-cv-01383-BAS(BLM), 2016 U.S. Dist. LEXIS 83940 (S.D.
  Cal. June 22, 2016) ................................................................................................ 3

*Stauffer v. Navient Sols., LLC*,
  No. 1:15-CV-1542, 2017 U.S. Dist. LEXIS 35256 (M.D. Pa. Mar.
  13, 2017) ................................................................................................................ 7

*Stirman v. Exxon Corporation*,
  280 F.3d 554 (5th Cir. 2002) .................................................................................. 9

*Taylor v. List*,
  880 F.2d 1040 (9th Cir. 1989) ................................................................................ 5

*Valle v. Global Exch. Vacation Club*,
  No. 16-2194, 2017 U.S. Dist. LEXIS 14196 (C.D. Cal. Feb. 1,
  2017) .............................................................................................................. 10, 11

*Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*,
  847 F.3d 1037 (9th Cir. 2017) .................................................................. 1, 5, 6, 7

*Vinole v. Countrywide Home Loans, Inc.*,
  571 F.3d 935 (9th Cir. 2009) .................................................................................. 9

Case 8:17-cv-01112-DOC-AGR   Document 21-1   Filed 10/30/17   Page 6 of 19   Page ID #:145

*White v. Microsoft Corp.*,
    454 F. Supp. 2d 1118 (S.D. Ala. 2006) .................................................................. 12

*Wolin v. Jaguar Land Rover North Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ............................................................................... 10

*Zulewski v. Hershey Co.*,
    No. CV 11-05117-KAW, 2013 U.S. Dist. LEXIS 58299 (N.D. Cal.
    Apr. 23, 2013) ........................................................................................................ 2, 9

**Statutes**

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................................... 1, 2, 5

**Other Authorities**

Fed. R. Civ. P. 23 ........................................................................................................ 9

Fed. R. Civ. P. 23(a) ............................................................................................. *passim*

Fed. R. Civ. P. 23(a)(4) ............................................................................................ 10

Fed. R. Civ. P. 23(b) ................................................................................................... 9

Fed. R. Civ. P. 23(c)(1)(A) ......................................................................................... 9

Fed. R. Civ. P. 56(a) ................................................................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. 8:17-CV-01112-DOC-AGR

## I. INTRODUCTION

Plaintiff Betty Gregory ("Plaintiff") asserts a putative class action against EVINE Live, Inc. ("EVINE"), for alleged violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff alleges she incurred a financial obligation to EVINE and that "[in]asmuch as Plaintiff did not wish to be contacted by EVINE on her cellular telephone, Plaintiff never provided her cellular number to EVINE." *See* Complaint ("Compl."), ¶¶ 14, 15. She claims that EVINE thereafter called her on her cellular telephone number using an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice in violation of the TCPA. These facts are false.

The incontrovertible evidence establishes that Plaintiff provided the cellular telephone number at issue to EVINE. The FCC and the Ninth Circuit treat the provision of a phone number as prior express consent and a complete defense to a TCPA claim. *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1045 (9th Cir. 2017); Federal Communications Commission Declaratory Ruling, Dec. 28, 2007, Release No. 07-232 (concluding that the provision of a cell phone reasonably evidences prior express consent). Thus, had EVINE called Plaintiff's cellular phone number using an ATDS or an artificial or prerecorded voice, as alleged, it would have done so lawfully and as permitted under the TCPA. So EVINE is entitled to summary judgment in this case.

Plaintiff's claim suffers from another fatal flaw as well—EVINE never actually called the phone number at issue within the statutory period anyway. EVINE's account notes demonstrate that only a single call was placed to the phone number at issue, way back on November 21, 2011. Even if this call was placed using an ATDS or an artificial or prerecorded voice – which EVINE denies – the call falls well outside the four year statute of limitations for TCPA claims.

/ / /

/ / /

There can be no TCPA violation where no calls were made by the defendant. 47 U.S.C. § 227(b)(1)(A)(iii) (a party must "make [a] call" to be liable). For this reason too, therefore, summary judgment must be entered in favor of EVINE.

The Court should also strike Plaintiff's class allegations. At the outset, the class allegations cannot survive without a named plaintiff. But even if Plaintiff's individual claim somehow survives summary judgment, the class allegations fail for the simple reason that Plaintiff is not a member of the alleged class. Plaintiff alleges a class defined as follows:

> All persons within the United States who, from June 23, 2013 through the date of Class notice in this case, **received a** non-emergency **telephone call from EVINE** to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and **where EVINE's records do not show that the person provided the number to EVINE** (for example, where the number was obtained by EVINE's equipment from an inbound call).

Compl., ¶ 38. (emphasis added.)

Plaintiff is not a member of this class because EVINE's records *do* show that Plaintiff provided her number to EVINE, and EVINE's records also show that Plaintiff did *not* receive a phone call from EVINE during the class period. By her own definition, therefore, Plaintiff is not a member of the class she seeks to represent. This makes her atypical of the class and inadequate to represent it. *See* Fed. R. Civ. Proc. 23(a); *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 156, 102 S. Ct. 2364, 2369 (1982) ("We have repeatedly held that a class representative must be part of the class."). The Court need not and should not wait for a motion for class certification to deny certification. *E.g., Zulewski v. Hershey Co.*, No. CV 11-05117-KAW, 2013 U.S. Dist. LEXIS 58299, at *3 (N.D. Cal. Apr. 23, 2013) (granting defendant's preemptive motion to deny class certification).[1]

---

[1] There are a host of other issues that preclude certification of a "no consent" class in a TCPA case where, as here, consent is obtained through multiple means and sources. Indeed, Courts routinely deny certification of such classes because they are invariably predominated by individual issues. *See, e.g., Espejo v Santander Consumer USA, Inc.*, Nos. 11 C 8987, 12 C 9431, 2016 US Dist Lexis 142259, at *31-32 (ND Ill. Oct. 14, 2016) (certification denied where question of fact existed regarding whether plaintiff provided consent, which underscored the numerous

For the foregoing reasons, judgment should be entered in favor of EVINE and class certification denied.

## II. FACTUAL BACKGROUND

1. EVINE is a digital retailer that offers products to customers through internet and television platforms. EVINE's website permits customers to create online accounts to facilitate product purchases, delivery, payment, and payment plans. EVINE customers can access their EVINE accounts via EVINE's website and thereby make changes to the demographic information associated with their EVINE accounts—including their contact phone numbers—online via the EVINE website. Statement of Uncontroverted Facts ("Statement of Facts"), at ¶ 1.

2. The phone number at issue in this case is 951-███-4139 (the "Phone Number"). Statement of Facts, at ¶ 2.

3. On April 13, 2010, Plaintiff Betty Gregory created an online account with EVINE, identified as customer number ending 1893 (the "1893 Account"). Statement of Facts, at ¶ 3.

4. On May 4, 2011, at about 9:41 a.m., Plaintiff called EVINE regarding the 1893 Account and provided the Phone Number to EVINE. Statement of Facts, at ¶ 4.

5. EVINE's account notes for the 1893 Account reflect that during the call to EVINE Plaintiff "Changed Phone Number to 941-XXX4139 from 951XXX4784". Statement of Facts, at ¶ 5.

/ / /

/ / /

---

individualized inquiries necessary in reviewing Defendant's records); *Selby v. LVNV Funding, LLC*, No. 13-cv-01383-BAS(BLM), 2016 U.S. Dist. LEXIS 83940, at *34-35 (S.D. Cal. June 22, 2016) ("an individual review of loan documents and other files related to the underlying debt obligation" would be required to determine whether "each individual gave express consent"); *Blair v. CBE Grp., Inc.*, 309 F.R.D. 621, 630 (S.D. Cal. 2015) (same). Nonetheless, EVINE does not ask the Court to address these additional arguments in the present motion and reserves them, should it become necessary, in opposition to Plaintiff's anticipated motion for class certification.

6. On June 17, 2011, Plaintiff Betty Gregory created an online account with EVINE, identified as customer number ending 7643 (the "7643 Account"). Statement of Facts, at ¶ 6.

7. Also on June 17, 2011, at about 9:47 a.m., Plaintiff accessed the 7643 Account online and provided the Phone Number to EVINE via interaction with EVINE's website as her "primary phone." Statement of Facts, at ¶ 7.

8. On May 18, 2013, at about 9:23 a.m., Plaintiff accessed the 7643 Account online and provided the Phone Number to EVINE a second time in connection with the 7643 Account, this time as a "secondary phone". Statement of Facts, at ¶ 8.

9. On January 16, 2015, at about 3:55 p.m., Plaintiff accessed the 1893 Account online via EVINE's website and provided the Phone Number to EVINE again. Statement of Facts, at ¶ 9.

10. Other than the 1893 Account and the 7643 Account, the Phone Number has never been associated with any other EVINE account. Statement of Facts, at ¶ 10.

11. EVINE's account records—which comprehensively track calls made to phone numbers associated with its accounts—demonstrate that EVINE never called the Phone Number in connection with the 1893 Account. It make one single call to the Phone number in connection with the 7643 Account on November 21, 2011. Statement of Facts, at ¶ 11.

12. Other than the single call to the Phone Number on November 21, 2011, EVINE has never called the Phone Number. Statement of Facts, at ¶ 12.

### III. THE COURT MUST GRANT SUMMARY JUDGMENT TO EVINE BOTH BECAUSE PLAINTIFF GAVE PRIOR EXPRESS CONSENT AND BECAUSE EVINE DID NOT CALL THE PHONE NUMBER WITHIN THE STATUTE OF LIMITATIONS PERIOD

Summary adjudication "upon all or any part of [a] claim" is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim.

Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant bears the initial burden of identifying the evidence that demonstrates the absence of any material fact. *See Celotex*, 477 U.S. at 323. Once the movant has met its burden, the non-moving party may not rest on conclusory allegations or bald assertions, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), but must come forward with significant probative evidence tending to support its claim that material, triable issues of fact remain. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The evidence set forth by the non-moving party must be sufficient, taking the record as a whole, to allow a rational jury to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, "[t]he mere scintilla of evidence in support of the nonmoving party's] position will be insufficient." *Liberty Lobby*, 477 U.S. at 252.

In the instant matter, Plaintiff unequivocally gave prior express consent for the alleged calls when she provided the Phone Number to EVINE at least four separate times. Where phone calls are made with the called party's prior express consent, a TCPA claim cannot succeed. Further, the TCPA cannot apply where, as here, EVINE has not made any calls to the Phone Number during the statutory period. Accordingly, summary judgment should be granted in favor of EVINE.

    **A.**    **Plaintiff Provided Prior Express Consent to EVINE**

        **1.**    **Legal Framework**

Under some circumstances, the TCPA prohibits the use of ATDS or an artificial or prerecorded voice in making a phone call to a cellular telephone. *See* 47 U.S.C. § 227(b)(1)(A)(iii). But this prohibition is subject to an important exception. *Id.* Specifically, such calls are not prohibited when they are "made with the prior express consent of the called party." *See id.*

Prior express consent "is a complete defense" to a TCPA claim. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). Thus, courts

routinely dismiss TCPA claims when it is clear that the phone calls at issue were made with the called party's prior express consent. *Id*. at 1048 (affirming district court's dismissal of TCPA claim based on prior express consent defense); *Baird v. Sabre, Inc.*, 646 Fed. Appx. 715, 716 (9th Cir. 2016) (same); *Aderhold v. car2go N.A., LLC*, 668 Fed. Appx. 795, 796 (9th Cir. 2016) (same).

Express consent for TCPA purposes exists anytime a customer provides a number directly to an informational caller (including a caller seeking to collect on a debt). *See* Federal Communications Commission ("FCC") *Declaratory Ruling*, Dec. 28, 2007, Release No. 07-232 ("We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt."); *FCC Report and Order*, Feb. 15, 2012, Release No. 12-21 (noting that, in the preceding 2008 Declaratory Ruling, the FCC "concluded that the provision of a cell phone number to a creditor, *e.g.,* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt."); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 8001, ¶ 52 (2015) ("For non-telemarketing and non-advertising calls, express consent can be demonstrated by the called party… giving his or her wireless number to the person initiating the autodialed or prerecorded call.").

The Ninth Circuit Court of Appeal has repeatedly and squarely held that a district court must defer to the FCC's interpretation of the TCPA's express consent exemption. *Van Patten*, 847 F.3d at 1045 (following FCC Ruling); *Baird v Sabre, Inc*. 636 Fed Appx 715, 716 (9th Cir. 2016) (unpublished) (same); *Aderhold v. Car2go NA* LLC, 668 Fed. Appx. 795, 796 (9th Cir. Sept. 9, 2016) (unpublished) (same); *see also Roberts v PayPal, Inc.*, No. C 12–0622 PJH, 2013 US Dist. Lexis 76319, at *7-8 (N.D. Cal, May 30, 2013, *aff'd* (9th Cir 2015) 621 Fed Appx 478 (unpublished opinion). The Sixth and Eleventh Circuit Courts of Appeal are in

agreement. *See Baisden v Credit Adjustments, Inc.* 813 F3d 338, 342 (6th Cir. 2016) and *Mais v Gulf Coast Collection Bureau, Inc.* 768 F3d 1110, 1126 (11th Cir. 2014) (reversing district court ruling that refused to apply FCC's express consent exemption). And virtually all district court decisions are in accord as well. See *Schweitzer v Northland Group, Inc.*, No. 14–80494–CIV-Cohn/Seltzer, 2014 US Dist. Lexis 157030 (S.D. Fla. Nov. 6, 2014) (plaintiff provided telephone number to bank when he applied for credit card and thus consented to receive calls from bank about resulting credit card debt); *Stauffer v. Navient Sols., LLC*, No. 1:15-CV-1542, 2017 U.S. Dist. LEXIS 35256, at *15 (M.D. Pa. Mar. 13, 2017) ("[A] debtor consents to debt-related calls from her creditor when she 'knowingly releases' her wireless number thereto"); *Saunders v NCO Fin. Sys., Inc*. 910 F. Supp. 2d 464, 467 (E.D. NY 2012) ("the authorities are almost unanimous that voluntarily furnishing a cell phone number to a vendor or other contractual counterparty constitutes express consent.").

Accordingly, if EVINE can demonstrate that Plaintiff supplied the Phone Number, then any calls it made to the Phone Number were made with the necessary "express consent." *Van Patten*, 847 F.3d at 1045.

### 2. Plaintiff Indisputably Provided Prior Express Consent

EVINE's records demonstrate that Plaintiff indisputably provided the Phone Number to EVINE on at least four occasions. *See* Statement of Facts at ¶¶ 4-9.

By providing the phone number to EVINE, she provided her express consent to be called related to her accounts. *Van Patten*, 847 F.3d at 1045; *Baird,* 636 Fed Appx at 716; *Aderhold*, 668 Fed. Appx. At 796; *Roberts,* 621 Fed Appx at *14; *Baisden*, 813 F3d at 343; *Mais v* 768 F3d at 1118 (reversing district court ruling that refused to apply FCC's express consent exemption). Accordingly, had EVINE called the Phone Number using an ATDS or an artificial or prerecorded voice it would have done so lawfully and as permitted under the TCPA.

/ / /

### B. EVINE Did Not Make Any Calls to the Phone Number Within the Statute of Limitations Period Anyway

Plaintiff's TCPA claim fails for the additional and fundamental reason that EVINE did not make any calls to the Phone Number within the statute of limitations.

The statute of limitations for a TCPA claim is four years. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. June 18, 2015) ("The TCPA has a four-year statute of limitations."). Here, EVINE placed a single call to the Phone Number on November 21, 2011. *See* Statement of Facts ¶¶ 11, 12. Even if that call was made using an ATDS or an artificial or prerecorded voice—and it was not— the call falls outside the statute of limitations. Hence the claim arising from that one call is time barred. *See Arora v. Transworld Systems, Inc.,* No. 15-cv-4941, 2017 U.S. Dist. LEXIS 135240 at * 9 (N.D. Ill. Aug. 23, 2017) (granting summary judgment to defendant on time-barred TCPA claims); *Jenkins v. Nat'l Grid USA*, No. 15-CV-1219, 2017 U.S. Dist. LEXIS 49365 at *25 (E.D. N.Y. Mar. 31, 2017) (dismissing time-barred claims).

In short, there is no evidence that EVINE placed *any* calls to the Phone Number during the statutory period. Accordingly the Court must enter summary judgment in EVINE's favor.

## IV. THE COURT SHOULD ALSO DENY CERTIFICATION AND STRIKE THE CLASS ALLEGATIONS SINCE PLAINTIFF IS NEITHER A TYPICAL NOR ADEQUATE MEMBER OF HER PLEADED CLASS

### A. EVINE Can Properly Seek Denial of Certification Before Plaintiff Moves for Certification

To certify a class, a court must find, *inter alia,* that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" and that "the representative parties will fairly and adequately protect the interests of the class." *Jones v. TT of Longwood*, 2007 U.S. Dist. LEXIS 57365, at *8 (M.D. FL Aug. 7, 2007) (quoting Fed. R. Civ. P. 23(a)). Plaintiff bears the burden of proving each

of these elements by the preponderance of the evidence. *Stirman v. Exxon Corporation*, 280 F.3d 554, 562 (5th Cir. 2002).

Although the plaintiff bears the burden to show that each factor is met upon seeking certification, nothing prevents a defendant from affirmatively demonstrating that a plaintiff is an inadequate class representative before certification has been sought. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009). To the contrary, Rule 23 contemplates that certification issues will be determined "[a]t an early practicable time" (Rule 23(c)(1)(A)) and allows the Court to extract class allegations from the complaint upon a finding that certification is not possible in the case. *Vinole,* 571 F. 3d. at 939-940; *see also Zulewski v. Hershey Co.*, No. CV 11-05117-KAW, 2013 U.S. Dist. LEXIS 58299, at *3 (N.D. Cal. Apr. 23, 2013) (granting defendant's motion to deny class certification and noting that "defendant may file a preemptive motion to deny class certification or to strike the class allegations from the complaint even if the plaintiff has not moved to certify the class"); *Ryan v. Jersey Mike's Franchise Sys.*, No. 13-CV-1427-BEN (WVG), 2014 U.S. Dist. LEXIS 42677, at *22 (S.D. Cal. Mar. 27, 2014) (granting preemptive motion to deny class certification in TCPA case). Notably, "[e]ven in cases where the defendant files the motion to deny certification, the plaintiff bears the burden of demonstrating that each of Rule 23(a)'s four requirements and at least one requirement of Rule 23(b) are met." *Zulewski v. Hershey Co.*, No. CV 11-05117-KAW, 2013 U.S. Dist. LEXIS 58299, at *3-4.

In this case, Plaintiff has not yet moved for class certification. Even at this early stage, however, it is clear that class certification must be denied. Plaintiff's individual claim is without merit. Without a named Plaintiff, the class allegations cannot survive. And since Plaintiff is not a member of the putative class, she is neither typical nor adequate to represent a class. Even if Plaintiff's claims survive summary judgment, unique defenses render her inadequate. EVINE therefore respectfully requests the Court immediately consider and deny class certification.

### B. The Case Cannot Proceed Absent a Plaintiff

At the outset, certification must be denied after summary judgment is granted in favor of EVINE. A class cannot be certified without a named plaintiff with a live claim of her own. *See Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663, 672 (2016). Thus, in addition to granting summary judgment, the Court should deny or strike Plaintiff's class allegations.

### C. Plaintiff is Not a Member of the Alleged Class and is Therefore Not Typical and Not Adequate to Represent a Class

Rule 23(a) requires the Court to determine whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). To satisfy the typicality requirement, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 156; *see also Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010); *Labou v. Cellco P'ship*, No. 2:13-cv-00844-MCE-EFB, 2014 U.S. Dist. LEXIS 26974, at *15-18 (E.D. Cal. Feb. 28, 2014) (granting defendant's motion to deny class certification in a TCPA case where a non-customer plaintiff attempted to represent claims of broader class including non-consenting customers). Typicality "require[s] that the claims of the class representatives be typical of those of the class, and to be 'satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001).

Likewise, a "class representative must be part of the class and 'possess the same interests and suffer the same injury' as the class members." *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1997). If a class representative is not a member of the class, then they are an inadequate representative. *See* Fed. R. Civ. P. 23(a)(4); *Valle v. Global Exch. Vacation Club*, No. 16-2194, 2017 U.S. Dist. LEXIS 14196, at *15-18 (C.D. Cal. Feb. 1, 2017) (holding plaintiff inadequate

representative of class because she was not a member of the class and she lacked credibility); *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1067 (9th Cir. 2014) ("Because he is not a member of those subclasses, Berger cannot prosecute claims on their behalf."), citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 156, 102 S. Ct. 2364, 2369 (1982) ("We have repeatedly held that a class representative must be part of the class.") (internal quotation marks omitted); *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir.1981) (holding that subclasses must be dismissed because "the fundamental requirement that the representative plaintiff must be a member of the class he represents" was not met).

Here, Plaintiff alleges a class defined as follows:

> All persons within the United States who, from June 23, 2013 through the date of Class notice in this case, **received a** non-emergency **telephone call from EVINE** to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and **where EVINE's records do not show that the person provided the number to EVINE** (for example, where the number was obtained by EVINE's equipment from an inbound call).

Compl., ¶ 38. (emphasis added.)

Plaintiff is not a member of this class because it is not true in her case that "EVINE's records do not show that the [she] provide[d] the number to EVINE." EVINE's records definitively show that Plaintiff provided the Phone Number to EVINE. *See* Statement of Facts, ¶¶ 4-9. It is also not true in Plaintiff's case that she "received…a call from EVINE" to her cellular telephone number after June 23, 2013. *See* Statement of Facts, ¶¶ 11, 12. Because Plaintiff is not a member of the class she is not typical of the class and is not an adequate class representative. *See* Fed. R. Civ. Proc. 23(a); *Valle*, 2017 U.S. Dist. LEXIS 14196, at *18; *Berger,* 741 F.3d at 1067. The Court need not and should not wait for a motion for class certification to deny certification.

/ / /

/ / /

/ / /

### D. Unique and Crippling Defenses Render Plaintiff Inadequate to Represent a Class

"Class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 903 F.2d 176, 180 (2d Cir. 1990), cert. denied, 111 S. Ct. 675 (1991); *see also White v. Microsoft Corp*., 454 F. Supp. 2d 1118, n. 2 (S.D. Ala. 2006) (unique fact-specific defenses likely disqualify a class representative); *J.H. Cohn & Co. v. American Appraisal Assoc., Inc.*, 628 F.2d 994, 998-99 (7th Cir. 1980); *Hoexter v. Simmons*, 140 F.R.D. 416, 422-23 (D. Ariz. 1991) (plaintiffs' claims atypical of class because unique defense could be asserted against them); *Rolex Employees Retirement Trust v. Mentor Graphics Corp*., 136 F.R.D. 658, 664 (D. Or. 1991) ("The certification of a class is questionable where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or to a subclass.").

Assuming Plaintiff's claims survive summary judgment, Plaintiff's repeated provision of the Phone Number to EVINE – and the absence of calls by EVINE – will be a major focus of the litigation. Since these facts reveal Plaintiff is not a member of the putative class, they are, by definition "unique to the named plaintiff" and render Plaintiff inadequate. *Rolex Employees Retirement Trust*, 136 F.R.D. at 664.

Plaintiff's credibility is also a serious problem. To start, she will need to account for her prior felony conviction and her role as a serial litigant. *See* EVINE's Request for Judicial Notice, Exhibits A through J. She will also need to account for the allegation in her Complaint that she "never provided" the Phone Number to EVINE when, in fact, she did so at least four times. *See Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) ("The honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the

class claims.' [citations omitted]."). These unique issues render Plaintiff inadequate to represent a class.

## V. CONCLUSION

For the foregoing reasons, EVINE respectfully requests that judgment be entered in its favor and that the Court deny certification in this case.

Dated: October 30, 2017                     DORSEY & WHITNEY LLP


By: */s/ Scott D. Goldsmith*
Eric J. Troutman
Divya S. Gupta
Scott D. Goldsmith
Sabrina Ly

Attorneys for Defendant,
EVINE Live Inc